FRANCIS DUPERAT *against* J. W. BEHAN.

(Decided May 20th, 1875.)

The plaintiff had bid off at auction from the corporation of the city of New York, a lease for four years of a stand in the Franklin Market, but the lease had not yet been made to him, nor had he complied with the terms of sale, so as to entitle him to a lease, further than to deposit a certain proportion of the price bid. The defendant desired to obtain the lease, and agreed in writing to pay to the plaintiff $350 in case he bought the lease, and plaintiff, in consideration thereof, refrained from putting up at auction his right to the lease, as he had intended to do. The defendant never bought the lease, but afterwards obtained from the corporation a lease of the same premises for eight months. *Held*, that the contingency on which the defendant was bound to pay the $350 never happened, and that the plaintiff had no cause of action.

APPEAL by defendant from a judgment of the general term of the Marine Court of the city of New York, affirming a judgment of that court entered on the verdict of a jury. The facts are fully stated in the opinion.

*A. Oakey Hall*, for appellant.

*Kurzman & Yeaman*, for respondent.

ROBINSON, J.—Plaintiff, prior to May, 1872, occupied premises No. 39½ South street, part of Franklin Market, in this city, as a restaurant, under a lease from the corporation which expired May 1st, 1872. A new lease for the further term of four years had been put up at public auction (L. 1857, ch. 446, § 41) and sold to plaintiff, but until May 25th, 1872, he had not further complied with the terms of sale than to pay $350, the percentage required by the terms of sale. On that date, pursuant to previous public notice, he sold at auction his stock and fixtures, but, at request of the defendant, withdrew from sale his interest in the renewable lease, or the acquiring of the same under the circumstances of his agreement for purchase, to wit, his payment of part of the purchase money, and his continuance

in possession as purchaser, in consideration of which, and in contemplation of a further resale of such renewed lease, defendant executed a written agreement as follows: "New York, May 25th, 1872. This is to certify that if I buy the lease of the store No. 39½ South street, I will pay F. Duperat the sum of $350, in lieu of rent paid. (Signed), J. W. Behan."

No such lease was afterwards put up for sale by the corporation, or procured by the defendant by purchase or otherwise, nor was any right to any such lease acquired by him. In August, 1872, he obtained from the corporation a lease of the premises for eight months, commencing September 1st, 1872, at a yearly rent of $1,300, payable quarterly. It is manifest from these facts that the express condition of defendant's obligation to pay the $350, never happened, as he never obtained, by purchase or otherwise, any such four years lease as was contemplated by the parties. No cause of action was shown, and defendant was, for that reason, entitled to judgment in his favor. Such condition and relation of the parties being unquestionable, upon the case presented, the judgment should be reversed absolutely.

CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred.

Judgment reversed.